

**U.S. Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

*United States Courthouse*    *PHONE: (304) 253-6722*
*110 North Heber Street*    *FAX: (304) 253-9206*
*Beckley, West Virginia 25801*

**FILED**

AUG 14

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

July 31, 2007

David C. Smith, Esquire
SMITH & SCANTLEBURY
205 Law & Commerce Building
Bluefield, West Virginia 24701

Re: United States v. Terry Headen

Dear Mr. Smith:

This will confirm our conversations with regard to your client, Terry Headen (hereinafter "Mr. Headen"). As a result of these conversations, it is agreed by and between the United States and Mr. Headen as follows:

1. **CHARGING AGREEMENT**. Mr. Headen agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a two-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

2. **RESOLUTION OF CHARGES**. Mr. Headen will plead guilty to violations of 21 U.S.C. § 846 (conspiracy to distribute quantities of oxycodone) and 18 U.S.C. § 1956(h) (money laundering conspiracy) as charged in said information.

TERRY HEADEN
Defendant

6/31/07
Date Signed

DAVID C. SMITH
Counsel for Defendant

6/31/07
Date Signed

3.    **MAXIMUM POTENTIAL PENALTY.**   The maximum penalty to which Mr. Headen will be exposed by virtue of this guilty plea is as follows:

COUNT ONE (21 U.S.C. § 846)

(a)   Imprisonment for a period of 20 years;

(b)   A fine of $1 million, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c)   A term of supervised release of 3 years;

(d)   A mandatory special assessment of $100.00 pursuant to 18 U.S.C. § 3013;

(e)   Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Mr. Headen for a period of 5 years; and

(f)   Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

COUNT TWO (18 U.S.C. § 1956(h))

(a)   Imprisonment for a period of 20 years;

(b)   A fine of $500,000 or twice the value of the property involved in the transaction, whichever is greater;

(c)   A term of supervised release of 3 years;

(d)   A mandatory special assessment of $100.00 pursuant to 18 U.S.C. § 3013; and

TERRY HEADEN
Defendant

6/31/07
Date Signed

DAVID C. SMITH
Counsel for Defendant

6/31/07
Date Signed

(e)   Restitution, as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

TOTAL MAXIMUM

(a)   Imprisonment for a period of 40 years;

(b)   A fine of $1.5 million or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, and/or, twice the value of the property involved in the transaction, whichever is greater;

(c)   A term of supervised release of 3 years;

(d)   A mandatory special assessment of $200.00 pursuant to 18 U.S.C. § 3013;

(e)   Restitution, as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664; and

(f)   Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Mr. Headen for a period of up to 5 years.

4.   **SPECIAL ASSESSMENT**.   Prior to the entry of a plea pursuant to this plea agreement, Mr. Headen will tender a check or money order to the Clerk of the United States District Court for $200.00, which check or money order shall indicate on its face the name of defendant and the case number.  The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing.  Mr. Headen will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement.  Failure by the defendant to provide proof of payment of

_____
TERRY HEADEN
Defendant

7/31/07
Date Signed

_____
DAVID C. SMITH
Counsel for Defendant

7/31/07
Date Signed

the special assessment prior to or at the plea proceeding will automatically void this plea agreement.  In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Headen.

5.      **COOPERATION**. Mr. Headen will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States.  In complying with this provision, Mr. Headen may have counsel present except when appearing before a grand jury.

6.      **FORFEITURE.**  Mr. Headen hereby agrees as follows:

(a)   That the offenses to which he is pleading guilty pursuant to this agreement, that is, conspiracy to distribute quantities of oxycodone and money laundering conspiracy, generated proceeds;

(b)   That Mr. Headen is liable for the total gross proceeds of the conspiracy;

(c)   To forfeit to the United States any and all property in his possession or under his control which constitutes proceeds of or which facilitated the conspiracy offenses to which he is pleading guilty;

(d)   To assist the United States and its agents in identifying all such property, regardless of its location and the manner in which it is titled.  Any property deemed forfeitable by the United States will then be forfeited, pursuant to 21 U.S.C. § 853 or 881, in either an administrative or judicial forfeiture action;

TERRY HEADEN
Defendant

7/31/07
Date Signed

DAVID C. SMITH
Counsel for Defendant

7/31/07
Date Signed

(e)   To fully complete and execute, under oath, a Financial Affidavit in a form supplied by the United States and to return to counsel for the United States the completed Affidavit within seven calendar days from the date of signing this plea agreement;

(f)   To provide sworn testimony and to execute any documents deemed necessary by the United States to effectuate the forfeiture and to transfer title to the said property to the United States; and

(g)   To waive any defenses to this criminal action, or to any related administrative or judicial forfeiture action, based in whole or in part on the Excessive Fines Clause of the Eighth Amendment to the Constitution, or the holding or principles set forth in <u>United States v. Alexander</u>, 509 U.S. 544 (1993); <u>United States v. Bajakajian</u>, 524 U.S. 321 (1998); <u>United States v. Austin</u>, 509 U.S. 602 (1993); and their progeny.

7.    **USE IMMUNITY**.  Unless this agreement becomes void due to a violation of any of its terms by Mr. Headen, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

8.    **LIMITATIONS ON IMMUNITY**.  Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Headen for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Headen for

TERRY HEADEN                              7/31/07
Defendant                                 Date Signed

DAVID C. SMITH                            7/31/07
Counsel for Defendant                     Date Signed

perjury or false statement if such a situation should occur pursuant to this agreement.

9.  **PAYMENT OF MONETARY PENALTIES.**  Mr. Headen agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States.  So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Headen further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

10.  **APPEAL OF SENTENCE.**  The United States and Mr. Headen knowingly and voluntarily waive their right to seek appellate review of the reasonableness of any sentence imposed by the District Court, so long as that sentence falls within the range established by the United States Sentencing Guidelines. This waiver, however, does not prevent either party from arguing for a sentence above or below the guideline range at or before the sentencing hearing, nor does it prevent either party from seeking appellate review of the District Court's calculation of the guideline range, if an objection is properly preserved.

Further, the United States and Mr. Headen agree that neither will seek appellate review of any order of the District Court imposing a fine unless the fine imposed is outside of the range provided for the offense of conviction by the United States Sentencing Guidelines.

11.  **FINAL DISPOSITION.**  The matter of sentencing is within the sole discretion of the Court.  The United States has made no

| | |
|---|---|
| _Terry Headen_ | _7/31/07_ |
| TERRY HEADEN<br>Defendant | Date Signed |
| _David C. Smith_ | _7/31/07_ |
| DAVID C. SMITH<br>Counsel for Defendant | Date Signed |

representations or promises as to a specific sentence.   The United
States reserves the right to:

(a)   Inform the Probation Office and the Court of all relevant
      facts and conduct;

(b)   Present evidence and argument relevant to the factors
      enumerated in 18 U.S.C. § 3553(a);

(c)   Respond to questions raised by the Court;

(d)   Correct inaccuracies or inadequacies in the presentence
      report;

(e)   Respond to statements made to the Court by or on behalf
      of Mr. Headen;

(f)   Advise the Court concerning the nature and extent of Mr.
      Headen's cooperation; and

(g)   Address the Court regarding the issue of Mr. Headen's
      acceptance of responsibility.

12.  **VOIDING OF AGREEMENT**.  If either the United States or Mr.
Headen violates the terms of this agreement, the other party will
have the right to void this agreement.  If the Court refuses to
accept this agreement, it shall be void.

13.  **ENTIRETY  OF  AGREEMENT**.   This  written  agreement
constitutes the entire agreement between the United States and Mr.
Headen in this matter.  There are no agreements, understandings or
recommendations as to any other pending or future charges against
Mr. Headen in any Court other than the United States District Court
for the Southern District of West Virginia.


_____          _____
TERRY HEADEN                               Date Signed
Defendant


_____          _____
DAVID C. SMITH                             Date Signed
Counsel for Defendant

David C. Smith, Esquire
July 31, 2007
Page 8                                    Re:  Terry Headen

Acknowledged and agreed to on behalf of the United States:

CHARLES T. MILLER
United States Attorney

By:          MILLER A. BUSHONG III
             Assistant United States Attorney

MAB:tb

I hereby acknowledge by my signature at the bottom of each page of
this eight-page agreement that I have read, understand and agree to
each of the terms and conditions set forth in this agreement.

TERRY HEADEN
Defendant

DAVID C. SMITH
Counsel for Defendant

Date Signed

Date Signed

# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF WEST VIRGINIA
### BLUEFIELD

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. _____

                                      21 U.S.C. § 846
                                      18 U.S.C. § 1956(h)

TERRY HEADEN


## I N F O R M A T I O N

The United States Attorney Charges:

### COUNT ONE

From at least 2005 to on or about July 24, 2007, at or near Havaco and Welch, McDowell County, West Virginia, and Bluefield, Mercer County, West Virginia, within the Southern District of West Virginia and elsewhere, defendant TERRY HEADEN and other persons whose identities are both known and unknown to the United States Attorney, knowingly conspired to commit offenses in violation of 21 U.S.C. § 841(a)(1), that is, knowingly and intentionally to distribute quantities of oxycodone, a Schedule II controlled substance.

In violation of Title 21, United States Code, Section 846.


"Plea Agreement Exhibit A"

## COUNT TWO

1. From at least 2005 to on or about July 24, 2007, at or near Havaco and Welch, McDowell County, West Virginia, and Bluefield, Mercer County, West Virginia, within the Southern District of West Virginia and elsewhere, defendant TERRY HEADEN and other persons whose identities are both known and unknown to the United States Attorney, did knowingly conspire to commit offenses against the United States, to wit: knowingly to conduct and attempt to conduct financial transactions affecting interstate commerce, which transactions involved the proceeds of a specified unlawful activity, that is, conspiracy to distribute quantities of oxycodone, a Schedule II controlled substance, in violation of 21 U.S.C. § 846, while knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and also while knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity; in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

## MANNER AND MEANS OF THE CONSPIRACY

2. It was a part of the conspiracy that defendant TERRY HEADEN and others known and unknown to the United States Attorney would and did engage in a specified unlawful activity, that is, conspiracy to distribute controlled substances in the Southern District of West Virginia and elsewhere, in violation of 21 U.S.C. § 846.

3. It was further a part of the conspiracy that defendant TERRY HEADEN, together with other persons known and unknown to the United States Attorney, would and did conduct, attempt to conduct, and cause to be conducted numerous financial transactions in and affecting interstate commerce which involved the proceeds of the specified unlawful activity and which defendant knew represented the proceeds of some form of unlawful activity.

4. It was further a part of the conspiracy that defendant TERRY HEADEN, together with other persons known and unknown to the United States Attorney, would and did conduct, attempt to conduct, and cause to be conducted these financial transactions with the intent to conceal and disguise the true nature, location, source, ownership, and control of the proceeds of the specified unlawful activity.

5. It was further a part of the conspiracy that defendant TERRY HEADEN would and did file false and fraudulent income tax returns, or no income tax returns at all, in order to hide the true sources and amounts of his income, which included substantial income from the specified unlawful activity.

6. It was further a part of the conspiracy that defendant TERRY HEADEN would and did attempt to hide the true nature, source, location, ownership and control of the proceeds of the specified unlawful activity by purchasing assets, and by making materially false statements about income and employment.

In violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE

In accordance with 21 U.S.C. § 853(a) and Rules 7(c)(2) and 32.2(a) of the Federal Rules of Criminal Procedure, and premised upon the conviction of the defendant TERRY HEADEN of a violation of Subchapter I of Title 21, United States Code, as set forth in this Information, the defendant shall forfeit to the United States any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said offense.

UNITED STATES OF AMERICA

CHARLES T. MILLER
United States Attorney


By: _____
MILLER A. BUSHONG III
Assistant United States Attorney

Filed: _____, 2007