**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **)** | |
| | **)** | |
| **v.** | **)** | **Criminal No. 1:07-0139** |
| | **)** | |
| **TERRY HEADEN** | **)** | |

# ORDER

Pending before the Court is Defendant's letter-form Motion to Extend Time to File a Section 2255 Motion (Document No. 93.), filed on October 8, 2010. In support of his Motion, Defendant states that his "reasoning for the extension is my limited knowledge of case law." (Id.) The undersigned finds that Defendant's above motion should be denied. The Court first finds that Defendant's Motion is premature as the time for filing a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside and Correct Judgment has not yet expired.[1] Even assuming that the time period had expired, this Court does not have authority to expand the limitation period for filing a Section 2255 Motion.

Defendant is **NOTIFIED** that pursuant to the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255, motions for *habeas* relief filed under Section 2255

---

[1] On August 13, 2007, Defendant pled guilty to conspiracy to distribute quantities of oxycodone in violation of 21 U.S.C. § 846, and money laundering in violation of 18 U.S.C. § 1956. (Document Nos. 54, 56, and 57.) Defendant was sentenced on August 25, 2008. (Document No. 69.) The District Court ordered that Defendant serve a 240-month term of incarceration as to each count to run concurrently, to be followed by a three-year term of supervised release. (Id.) On September 3, 2008, Defendant filed a Notice of Appeal. (Document No. 73.) The Fourth Circuit Court of Appeals affirmed Defendant's conviction and sentence on September 18, 2009. *United States v. Headen*, 332 Fed.Appx. 881 (4th Cir. 2009). Defendant did not seek review in the United States Supreme Court. Based on the foregoing, the undersigned finds that Defendant has until approximately December 16, 2010, to file his Section 2255 Motion with this Court. Defendant is hereby **NOTIFIED** that the calculations of the statute of limitations set forth in this order is not conclusively correct. It is Defendant's responsibility to file his Section 2255 Motion correctly and timely.

must be filed within one year from "the date on which the judgment of conviction becomes final." The one-year limitation period begins to run from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255.

Furthermore, Defendant is **NOTIFIED** that Section 2255 limits his ability to file a second or successive Section 2255 motion. Defendant is advised that if he chooses to later file a second or successive Section 2255 Motion, he must obtain certification from the appropriate Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3).[2] See In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999)("before a prisoner can pursue a qualifying 'second or successive' § 2255 motion, he must obtain authorization from the court of appeals."); 28 U.S.C. § 2244(b)(3)(A).[3] To obtain certification

---

[2] Title 28, Section 2244(b)(3)(A) of the United States Code states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

[3] Title 28, Section 2244(b)(3) provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

from the Court of Appeals, Defendant must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.

Based on the foregoing, it is hereby **ORDERED** that Defendant's letter-form Motion to Extend Time to File a Section 2255 Motion (Document No. 93.), is **DENIED**. The Clerk shall send Defendant a form Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The Clerk is further directed to send a copy of this Order to Defendant, who is acting *pro se*.

ENTER: October 14, 2010.

R. Clarke VanDervort
United States Magistrate Judge

---

> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.